IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

ELIZABETH CAPARELLI-RUFF,

    Plaintiff,

vs.

EAST AURORA SCHOOL DISTRICT 131, and KIMBERLY KERELUIK

    Defendants.

Case No. 2022-LA-000356

**Please Serve:**
East Aurora School District 131
310 Seminary Avenue
Aurora, IL 60505

*Clerk of the Circuit Court*
*Kane County, Illinois*

9/2/2022 11:28 AM

FILED/IMAGED

**SUMMONS**

To each Defendant:

    You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court, 540 South Randall Road, St. Charles, Illinois 60174 within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

    E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit www.illinoiscourts.gov/faq/gethelp.asp to talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org. If you are unable to pay your court fees, you can apply for a fee waiver, for information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date 9/2/2022 11:28 AM

WITNESS:_____, 20__

    _____
    **THERESA E. BARREIRO**
    Clerk of the Circuit Court

(Seal of Court)

BY:_____
    (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)

| | |
|---|---|
| Name: | Paul J. Richards |
| ARDC#: | 06230122 |
| Firm: | KGG, LLC |
| Attorney for: | Plaintiff |
| Address: | 111 N. Ottawa Street |
| City: | Joliet, IL 60432 |
| Telephone: | (815) 727-4511 |
| E-mail: | prichards@kggllc.com |

935594

9-14-22
40,

Kane County Circuit Court    THERESA E. BARREIRO    ACCEPTED: 9/2/2022 11:10 AM    By: MW    Env #19348005

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

ELIZABETH CAPARELLI-RUFF,

    Plaintiff,

vs.

EAST AURORA SCHOOL DISTRICT 131, and KIMBERLY KERELUIK

    Defendants.

2022-LA-000356

Case No.

Clerk of the Circuit Court
Kane County, Illinois
9/2/2022 10:59 AM
FILED/IMAGED

**COMPLAINT AT LAW**

Now comes the Plaintiff, ELIZABETH CAPARELLI-RUFF, by and through her attorneys, KGG, LLC, and for her Complaint against the Defendants EAST AURORA SCHOOL DISTRICT 131 and KIMBERLY KERELUIK, states as follows:

### FACTUAL BACKGROUND

1. Plaintiff is an individual, and resides in Homer Glen, Will County, Illinois.

2. Defendant, East Aurora School District 131 ("District 131"), is a public school district with its principal place of business and operations in East Aurora, Kane County, Illinois.

3. Defendant Kimberly Kereluik ("Kereluik") is a resident of Montgomery, Illinois, was formerly a Special Ed Coordinator at District 131 and is currently employed as a teacher at District 131.

4. Plaintiff was employed by District 131 as the Executive Director of Middle and Secondary School Services. Plaintiff and District 131 were parties to a contract for employment dated April 19, 2021, a copy of which is attached hereto as Exhibit "A" (the "Contract").

5. Pursuant to the Contract, Plaintiff was employed by District 131 from July 1, 2021 through June 30, 2022.

6. At all times, Plaintiff performed the duties and responsibilities of Executive Director of Middle and Secondary School Services in accordance with the terms of the Contract and the rules, regulations and policies promulgated from time to time by District 131.

7. At all times, Plaintiff received positive performance reviews from District 131.

8. During her employment at District 131, Plaintiff received numerous compliments and accolades from parents, teachers and the community for her hard work and dedication.

9. In the Spring 2022, the Plaintiff undertook a political campaign for the position of Regional Superintendent of Schools for Will County. Plaintiff's political campaign did not in any way relate to, or interfere with, or detract from her employment or job performance with District 131.

10. Plaintiff did not use her position at District 131 or any District 131 resources to further her campaign for Regional Superintendent of Schools for Will County.

11. In May 2022, Plaintiff started a private Facebook page to promote her campaign for Regional Superintendent of Schools for Will County.

12. Plaintiff posted items on her private Facebook page which were related to her campaign for Regional Superintendent of Schools for Will County and issues related to education in the community, including fundraisers and events.

13. Plaintiff also posted on her private Facebook page topics and issues important to her campaign for Regional Superintendent of Schools for Will County.

14. Plaintiff advertised on her private Facebook page a promotion for raffle to raise money for her campaign for Regional Superintendent of Schools for Will County.

15. One of the raffle prizes was a handgun.

16. On June 1, 2022, District 131 presented the Plaintiff with an offer to renew her employment contract commencing July 1, 2022 and ending June 30, 2023.

17. Shortly after receiving District 131's offer to renew her employment contract, Plaintiff accepted the offer by signing and delivering the renewal contract to District 131.

18. The renewal contract provided, among other things, that the Plaintiff would receive an annual pay raise of $21,000.00.

19. On or about June 7, 2022, District 131 informed the Plaintiff that her employment was terminated immediately, and the only reason provided was that District 131 did not approve of the posting on the Plaintiff's Facebook page advertising the gun raffle.

## COUNT I
## BREACH OF CONTRACT
### (against East Aurora School District 131)

20. Plaintiff performed all of the duties and obligations of her job pursuant to the Contract.

21. District 131 breached the Contract in the following respects:

    a. District 131 wrongfully terminated the Contract without appropriate notice, as required by the District's own policies and procedures;

    b. District 131 wrongfully terminated the Contract without providing Plaintiff with due process, as required by the District's own policies and procedures.

    c. District 131 wrongfully terminated the Contract despite the fact that the Contract could only be terminated for "cause" as defined in the Contract, when in fact there was no cause for terminating the Contract.

22. As a result of District 131's breach of the Contract and wrongful termination of Plaintiff's employment, Plaintiff has suffered monetary damages, including, but not limited to, back pay, front pay, continued participation in the Teacher's Retirement System, and such other

benefits as were provided in the renewal contract signed by the Plaintiff and delivered to the Defendant.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, EAST AURORA SCHOOL DISTRICT 131, for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

## COUNT II
## RETALIATORY DISCHARGE
### (against East Aurora School District 131)

1-22. Plaintiff repeats and realleges Paragraphs 1 through 22 of Count I as if fully set forth herein as to Count II.

23. The Plaintiff was discharged, and her employment Contract was wrongfully terminated, including District 131's offer of a renewal contract, which Plaintiff accepted, solely due to the Plaintiff's exercise of her First Amendment rights by promoting a gun raffle on her Facebook page in support of her campaign for Regional Superintendent of Schools for Will County.

24. In advertising the gun raffle on her Facebook page, the Plaintiff was engaged in constitutionally protected First Amendment activity.

25. The adverse action taken by District 131 against the Plaintiff was motivated as a response to the Plaintiff's exercise of her constitutional free speech rights.

26. The Plaintiff's free speech was a matter of public concern, inasmuch as it involved her campaign for a public position - Regional Superintendent of Schools for Will County - and also related to Second Amendment rights, also a matter of public concern.

918593

27. The Plaintiff has a valid interest as a citizen of the community to comment on matters of public concern, including the promotion of the gun raffle in support of her campaign for Regional Superintendent of Schools for Will County, which outweighs any purported concerns of District 131 which led to the Defendant terminating the Plaintiff's employment.

28. District 131's adverse action against the Plaintiff has caused the Plaintiff to suffer a loss of employment and economic injuries that are likely to chill a person of ordinary firmness from engaging in free speech.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, EAST AURORA SCHOOL DISTRICT 131, for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL STRESS
### (against East Aurora School District 131)

1-19. Plaintiff repeats and realleges Paragraphs 1 through 19 of Count II as if fully set forth herein as to Count III.

29. The conduct of District 131 in terminating the Plaintiff's employment in retaliation for the Plaintiff exercising her free speech rights was extreme and outrageous, going beyond the ordinary bounds of decency.

30. In wrongfully terminating the Plaintiff's employment without good cause, and/or revoking the Plaintiff's employment contract after it was agreed to by the parties, the Defendant acted with reckless regard to the rights of the Plaintiff.

31. As a direct and proximate result of the Defendants unlawful conduct, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, mental and emotional distress,

anxiety, economic harm, and such other consequential damages flowing from the Defendant's conduct.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, EAST AURORA SCHOOL DISTRICT 131, for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

## COUNT IV
## TORIOUS INTERFERENCE WITH CONTRACT
### (against Kimberly Kereluik)

32. In May 2022, and thereafter, the Plaintiff had a binding contract of employment with District 131, and in June 2022 accepted District 131's offer to renew her employment contract effective July 1, 2022.

33. The Defendant Kereluik, at all times knew of the Plaintiff's valid and binding employment contract with District 131.

34. The Defendant Kereluik, intentionally and without justification, interfered with the Plaintiff's employment contract with District 131 in the following ways:

   a. On information and belief, Defendant Kereluik made numerous false statements of fact to various members of the District 131 Board, injurious to the Plaintiff's reputation;
   b. On information and belief Defendant Kereluik falsely stated to members of the District 131 Board that parents and staff members had complained about the Plaintiff's job performance, when in fact no such complaints existed; and
   c. On information and belief Defendant Kereluik made other false and misleading statements about the Plaintiff to members of the District 131 Board.

35. The Defendant Kereluik made these false and misleading statements about the Plaintiff because she was disgruntled at being demoted by the Plaintiff as a result of work-related misconduct while Defendant Kereluik was a Special Ed Coordinator at District 131.

36. The Defendant Kereluik's conduct wrongfully interfered with the Plaintiff's employment contract with District 131, in that District 131 terminated the Plaintiff without any notice or due process based in whole or in part upon Defendant Kereluik's conduct.

37. As a result of the Defendant Kereluik's conduct, the Plaintiff has suffered damages in the form of back pay, front pay, loss of participation in the Teacher's Retirement System, and other economic losses and damages.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, KIMBERLY KERELUIK, for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

## COUNT V
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (against Kimberly Kereluik)

38. In the alternative, in May 2022, and thereafter, the Plaintiff had a reasonable expectation of continuing her valid business relationship with District 131 with her contract renewal which was to take effect July 1, 2022.

39. The Defendant Kereluik, at all times knew of the Plaintiff's expectation of continuing her employment with District 131.

40. The Defendant Kereluik, intentionally and without justification, interfered with the Plaintiff's expectation in the following ways:

   a. On information and belief, Defendant Kereluik made numerous false statements of fact to various members of the District 131 Board, injurious to the Plaintiff's reputation;
   b. On information and belief, Defendant Kereluik falsely stated to members of the District 131 Board that parents and staff members had complained about the Plaintiff's job performance, when in fact no such complaints existed; and

Page 7 of 8

918593

  c. On information and belief, Defendant Kereluik made other false and misleading statements about the Plaintiff to members of the District 131 Board.

41. The Defendant Kereluik made these false and misleading statements about the Plaintiff because she was disgruntled at being demoted by the Plaintiff as a result of work-related misconduct while Defendant Kereluik was a Special Ed Coordinator at District 131.

42. The Defendant Kereluik's interference prevented the Plaintiff's legitimate expectancy from ripening into a valid business relationship, in that District 131 terminated the Plaintiff without any notice or due process.

43. As a result of the Defendant Kereluik's conduct, the Plaintiff has suffered damages in the form of back pay, front pay, loss of participation in the Teacher's Retirement System, and other economic losses and damages.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, KIMBERLY KERELUIK, for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

              ELIZABETH CAPARELLI-RUFF, Plaintiff

              KGG, LLC

              By: /s/ Paul J. Richards
                One of the Attorneys for Plaintiff

PAUL J. RICHARDS, ARDC #06230122
KGG, LLC
111 North Ottawa Street
Joliet, Illinois 60432
(815) 727-4511
prichards@kggllc.com

NOTICE
BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE ON THE DATE BELOW. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

Judge: Busch, Kevin T
11/17/2022 9:00 AM

918593

# EAST AURORA SCHOOL DISTRICT #131

## ADMINISTRATOR CONTRACT: CERTIFIED

THIS AGREEMENT is made as of this 19th day of April 2021, by and between the BOARD OF EDUCATION for the EAST AURORA SCHOOL DISTRICT #131 (the "Board") and Elizabeth Caparelli-Ruff ("Employee"), ratified at a regular meeting of the Board held on April 19, 2021 and as found in the minutes of that meeting.

IT IS AGREED:

1. **Employment.** The Board hereby employs the Employee for one (1) year, commencing July 1, 2021 and terminating on June 30, 2022.

2. **Duties.** Employee shall perform the duties and responsibilities of Executive Director of Student Services those obligations imposed by law, and such other duties as required by Board policy or as from time to time may be assigned to the Employee by the Superintendent of Schools, or his or her designee.

3. **Compensation.** In consideration of annual compensation of $139,500.00, the Employee agrees to devote his/her time, skill, labor and attention to his/her employment during the term of this Agreement, and to perform faithfully the duties of Executive Director of Student Services as set forth in this agreement. The annual compensation shall be paid in equal installments in accordance with the policy of the Board governing payment of compensation to members of the teaching staff. Whenever additions or deductions of pay are required on a per diem basis, the per diem rate shall be calculated on the basis of a 260 day year or as shown on the Conditions and Benefits Summary attached as Exhibit A.

4. **Evaluation.** Annually, not later than the last day of this Agreement, the Superintendent and/or designee shall review with the Employee his/her job performance, including progress toward established goals and working relationships among staff and community.

5. **Termination for Cause.** Throughout the term of this Agreement, the Employee shall be subject to termination for good cause. Any failure to comply with the terms and conditions of the Agreement shall constitute good cause for purposes of termination.

6. **Termination/Reclassification.** The Employee understands that tenure rights do not apply to an administrative position, including the position of Executive Director of Student Services and, therefore, tenure shall not apply to the continuation of this Agreement for the position of Executive Director of Student Services. For someone employed as a principal any reclassification of such employee shall be in accordance with the requirements of Section 10-23.8b of The School Code of Illinois ("School Code"), and any termination of an employee who has acquired tenure in the District shall be in accordance with the requirements of Sections 24-11 through 24-16 of the School Code.

7. **Benefits.** Vacation, insurance, sick leave, and personal days shall be as shown on the Conditions and Benefits Summary attached hereto as Exhibit A. Compensation includes a contribution by the Board on behalf of the Employee to the Illinois Teacher Retirement System in the full amount of Employee's contribution. Employee acknowledges that he/she does not have any right or claim to any amount contributed by the Board on his/her behalf to TRS except as it may become available at the time of retirement or resignation from the State of Illinois Teacher's Retirement System. Both parties acknowledge that the Employee did not have the option of choosing to receive the contributed amounts directly, instead of having such contribution paid by the board to the State of Illinois Teachers' Retirement System, and that such contributions are made as a condition of employment to secure the Employee's future services, knowledge and experience.

8. **Automobile Expense.** The Board shall reimburse the Employee at the IRS mileage rate for expenses incurred when using his/her personal automobile in the regular performance of his/her duties or to travel to an out-of-District local, county, state or national meeting. However, the Employee will not be reimbursed for travel between his/her home and job locations (e.g., school, District Service Center, etc.), and all voluntary travel to and from District school meetings/events will be excluded from expense vouchers.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed in their respective names, and in the case of the Board, by its President, effective as of the day and year first written above.

EXHIBIT A

_Elizabett Caporelli-Ruff_
Employee

BOARD OF EDUCATION, DISTRICT #131

By: _____
President, Board of Education

ATTEST _____
Secretary, Board of Education