IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH CAPARELLI-RUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 22-cv-5567 |
| | ) |
| BOARD OF EDUCATION OF EAST | ) |
| AURORA SCHOOL DISTRICT 131, | ) |
| COUNTY OF KANE, STATE OF | ) |
| ILLINOIS and KIMBERLY KERELUIK, | ) |
| | ) |
| Defendant | ) |

**AMENDED COMPLAINT AT LAW**

Now comes the Plaintiff, ELIZABETH CAPARELLI-RUFF, by and through her attorneys, KGG LLC, and for her Complaint against the Defendants, BOARD OF EDUCATION OF EAST AURORA SCHOOL DISTRICT 131, COUNTY OF KANE, STATE OF ILLINOIS and KIMBERLY KERELUIK, states as follows:

FACTUAL BACKGROUND

1. Plaintiff is an individual and resides in Homer Glen, Will County, Illinois.

2. Defendant, Board of Education of East Aurora School District 131, County of Kane, State of Illinois ("Board of Education"), is a public school district with its principal place of business and operations in East Aurora, Kane County, Illinois.

3. Defendant Kimberly Kereluik ("Kereluik") is a resident of Montgomery, Illinois; was formerly employed by Board of Education as a Special Ed Coordinator; and is currently employed as a teacher by Board of Education.

4. Plaintiff was employed by Board of Education as the Executive Director of Middle and Secondary School Services. Plaintiff and Board of Education were parties to a

957408 1

contract for employment dated April 19, 2021, a copy of which is attached hereto as Exhibit "A" (the "2021 Contract").

5. Pursuant to the 2021 Contract, Plaintiff was to be employed by Board of Education from July 1, 2021 through June 30, 2022. *Id.*

6. At all times, Plaintiff performed the duties and responsibilities of Executive Director of Middle and Secondary School Services in accordance with the terms of the 2021 Contract and the rules, regulations and policies promulgated from time to time.

7. At all times, Plaintiff received positive performance reviews.

8. During her employment at Board of Education, Plaintiff received numerous compliments and accolades from parents, teachers and the community for her hard work and dedication.

9. In the Spring 2022, the Plaintiff undertook a political campaign for the position of Regional Superintendent of Schools for Will County. Plaintiff's political campaign did not in any way relate to, or interfere with, or detract from her employment or job performance with Board of Education.

10. Plaintiff did not use her position or any school resources to further her campaign for Regional Superintendent of Schools for Will County.

11. In May 2022, Plaintiff started a private Facebook page to promote her campaign for Regional Superintendent of Schools for Will County.

12. Plaintiff posted items on her private Facebook page which were related to her campaign for Regional Superintendent of Schools for Will County and issues related to education in the community, including fundraisers and events.

13. Plaintiff also posted on her private Facebook page topics and issues important to her campaign for Regional Superintendent of Schools for Will County.

14. Plaintiff advertised on her private Facebook page a promotion for a raffle to raise money for her campaign for Regional Superintendent of Schools for Will County.

15. One of the raffle prizes was a handgun. A copy of the Facebook campaign advertisement is attached as "Exhibit B." It reflects that Dr. Elizabeth Caparelli-Ruff's campaign for Regional Superintendent of Schools for Will County was holding a "GUN RAFFLE" and that the "Grand Prize" was a Beretta 9mm Luger, with a photo of a handgun. *Id*.

16. On June 1, 2022, Board of Education presented the Plaintiff with an offer to renew her employment contract commencing July 1, 2022 and ending June 30, 2023 (the "2022 Contract").

17. Shortly after receiving Board of Education's offer to renew her employment contract, Plaintiff accepted the offer by signing and delivering the renewal contract to the appropriate Board of Education employee.

18. The renewal contract provided, among other things, that the Plaintiff would receive an annual pay raise of $21,000.00. The provisions of the 2022 Contract were substantially the same as those in the 2021 contract.

19. Defendant retained the original 2022 Contract; Plaintiff did not receive a copy.

20. On or about June 7, 2022, Board of Education informed the Plaintiff that she was immediately placed on administrative leave and was terminated, and the only reason provided was that Board of Education did not approve of the posting on the Plaintiff's Facebook page advertising the gun raffle.

21. Plaintiff's employment was terminated by the Board of Education on June 7, 2022.

## COUNT I
## BREACH OF 2021 CONTRACT
## AGAINST BOARD OF EDUCATION

22. Plaintiff performed all of the duties and obligations of her job pursuant to the 2021 Contract. The only reason given for her termination was reference to the campaign ad.

23. Board of Education breached the 2021 Contract in the following respects:

   a. Board of Education wrongfully terminated the Contract without appropriate notice, as required by the District's own policies and procedures;

   b. Board of Education wrongfully terminated the Contract without providing Plaintiff with due process, as required by the District's own policies and procedures.

   c. Board of Education wrongfully terminated the Contract despite the fact that the Contract could only be terminated for "cause" as defined in the Contract, when in fact there was no cause for terminating the Contract.

24. Plaintiff was provided no prior notice of termination of her 2021 Contract or any opportunity to be heard. The campaign ad was unrelated to Plaintiff's employment and her responsibilities as an employee of Board of Education and could not have constituted cause for termination or being placed on administrative leave.

25. As a result of Board of Education's breach of the 2021 Contract and wrongful termination of Plaintiff's employment, Plaintiff has suffered monetary damages, including, but not limited to, back pay, front pay, continued participation in the Teacher's Retirement System, and such other benefits as were provided in the renewal contract signed by the Plaintiff and delivered to the Defendant.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, BOARD OF EDUCATION OF EAST AURORA SCHOOL DISTRICT 131, COUNTY OF KANE, STATE

OF ILLINOIS, for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

COUNT II
BREACH OF 2022 CONTRACT
AGAINST BOARD OF EDUCATION

26. Plaintiff performed all of the duties and obligations of her job pursuant to the 2022 Contract. The only reason given for her termination was reference to the campaign ad.

27. Board of Education breached the 2022 Contract in the following respects:

   a. Board of Education wrongfully terminated the Contract without appropriate notice, as required by the District's own policies and procedures;

   b. Board of Education wrongfully terminated the Contract without providing Plaintiff with due process, as required by the District's own policies and procedures.

   c. Board of Education wrongfully terminated the Contract despite the fact that the Contract could only be terminated for "cause" as defined in the Contract, when in fact there was no cause for terminating the Contract.

28. Plaintiff was provided no prior notice of termination of her 2022 contract or any opportunity to be heard. The campaign ad was unrelated to Plaintiff's employment and her responsibilities as an employee of Board of Education and could not have constituted cause for termination or being placed on administrative leave.

29. As a result of Board of Education's breach of the 2022 Contract and wrongful termination of Plaintiff's employment, Plaintiff has suffered monetary damages, including, but not limited to, back pay, front pay, continued participation in the Teacher's Retirement System, and such other benefits as were provided in the renewal contract signed by the Plaintiff and delivered to the Defendant.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, BOARD OF EDUCATION OF EAST AURORA SCHOOL DISTRICT 131, COUNTY OF KANE, STATE

OF ILLINOIS, for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

COUNT III
RETALIATORY DISCHARGE
42 USC §1983
AGAINST BOARD OF EDUCATION

1-29. Plaintiff repeats and realleges Paragraphs 1 through 29 of Count I as if fully set forth herein as to Count III. Plaintiff brings this action pursuant to 42 USC §1983 to recover damages resulting from Board of Education's Retaliation for Protected First Amendment Expression.

30. The Plaintiff was discharged, and her employment Contract was wrongfully terminated, including Board of Education's offer of a renewal contract, which Plaintiff accepted, solely due to the Plaintiff's exercise of her First Amendment rights by promoting a gun raffle on her private Facebook page in support of her campaign for Regional Superintendent of Schools for Will County.

31. Defendant, Board of Education, is the entity with final policy making authority in the termination of Plaintiff's employment resulting from the expression of her First Amendment rights. In advertising the gun raffle on her private Facebook page, the Plaintiff was speaking as a citizen engaged in constitutionally protected First Amendment activity and was not acting as an employee of Board of Education.

32. The Constitutionally protected First Amendment Activity included Plaintiff's rights to engage in a political activity by running a campaign; to publicly advertise her political campaign; and to implicitly express in her campaign ad her support of Second Amendment gun rights relating to a handgun.

957408                                              6

33. The adverse action taken by Board of Education against the Plaintiff was motivated as a response to the Plaintiff's exercise of her constitutional free speech rights.

34. The Plaintiff's free speech was a matter of public concern, inasmuch as it involved her campaign for a public position - Regional Superintendent of Schools for Will County - and also related to Second Amendment rights, also a matter of public concern, as well as publicly advertising her campaign.

35. The Plaintiff has a valid interest as a citizen of the community to comment on matters of public concern, including the promotion of the gun raffle in support of her campaign for Regional Superintendent of Schools for Will County, which outweighs any purported concerns of Board of Education which led to the Defendant terminating the Plaintiff's employment.

36. Board of Education's adverse action against the Plaintiff has caused the Plaintiff to suffer a loss of employment and economic injuries that are likely to chill a person of ordinary firmness from engaging in free speech.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, BOARD OF EDUCATION OF EAST AURORA SCHOOL DISTRICT 131, COUNTY OF KANE, STATE OF ILLINOIS for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

COUNT IV
INTENTIONAL INFLICTION OF EMOTIONAL STRESS
AGAINST BOARD OF EDUCATION

1-37. Plaintiff repeats and realleges Paragraphs 1 through 37 of Count IV as if fully set forth herein as to Count IV.

38. The conduct of Board of Education in terminating the Plaintiff's employment in retaliation for the Plaintiff exercising her free speech rights was extreme and outrageous, going beyond the ordinary bounds of decency.

39. In wrongfully terminating the Plaintiff's employment without good cause, and/or revoking the Plaintiff's employment contract after it was agreed to by the parties, the Defendant acted with reckless regard to the rights of the Plaintiff.

40. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, mental and emotional distress, anxiety, economic harm, and such other consequential damages flowing from the Defendant's conduct.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, BOARD OF EDUCATION OF EAST AURORA SCHOOL DISTRICT 131, COUNTY OF KANE, STATE OF ILLINOS, for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

<u>COUNT V</u>
<u>TORIOUS INTERFERENCE WITH CONTRACT</u>
<u>AGAINST KERELUIK</u>

41. In May 2022, and thereafter, the Plaintiff had a binding contract of employment with Board of Education, and in June 2022 accepted Board of Education's offer to renew her employment contract effective July 1, 2022.

42. The Defendant Kereluik, at all times knew of the Plaintiff's valid and binding employment contract with Board of Education.

43. The Defendant Kereluik, wilfully and wantonly, interfered with the Plaintiff's employment contract with Board of Education in the following ways:

   a. On information and belief, Defendant Kereluik made numerous false statements of fact to various members of the Board of Education Board, injurious to the Plaintiff's reputation;

   b. On information and belief Defendant Kereluik falsely stated to members of the Board of Education Board that parents and staff members had complained about the Plaintiff's job performance, when in fact no such complaints existed; and

   c. On information and belief Defendant Kereluik made other false and misleading statements about the Plaintiff to members of the Board of Education Board.

44. The Defendant Kereluik made these false and misleading statements about the Plaintiff because she was disgruntled at being demoted by the Plaintiff as a result of work-related misconduct while Defendant Kereluik was a Special Ed Coordinator at Board of Education.

45. The Defendant Kereluik's conduct wrongfully interfered with the Plaintiff's employment contract with Board of Education, in that Board of Education terminated the Plaintiff without any notice or due process based in whole or in part upon Defendant Kereluik's conduct.

46. Defendant Kereluik deliberately intended to harm Plaintiff or acted in conscious disregard for Plaintiff's welfare.

47. As a result of the Defendant Kereluik's conduct, the Plaintiff has suffered damages in the form of back pay, front pay, loss of participation in the Teacher's Retirement System, and other economic losses and damages.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, KIMBERLY KERELUIK, for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

## COUNT VI
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
## AGAINST KERELUIK

48. In the alternative, in May 2022, and thereafter, the Plaintiff had a reasonable expectation of continuing her valid business relationship with Board of Education with her contract renewal which was to take effect July 1, 2022.

49. The Defendant Kereluik, at all times knew of the Plaintiff's expectation of continuing her employment with Board of Education.

50. The Defendant Kereluik, wilfully and wantonly, interfered with the Plaintiff's expectation in the following ways:

   a. On information and belief, Defendant Kereluik made numerous false statements of fact to various members of the Board of Education, injurious to the Plaintiff's reputation;
   b. On information and belief, Defendant Kereluik falsely stated to members of the Board of Education that parents and staff members had complained about the Plaintiff's job performance, when in fact no such complaints existed; and
   c. On information and belief, Defendant Kereluik made other false and misleading statements about the Plaintiff to members of the Board of Education.

51. The Defendant Kereluik made these false and misleading statements about the Plaintiff because she was disgruntled at being demoted by the Plaintiff as a result of work-related misconduct while Defendant Kereluik was a Special Ed Coordinator;

52. Defendant Kereluik deliberately intended to harm Plaintiff or acted in conscious disregard for Plaintiff's welfare.

53. The Defendant Kereluik's interference prevented the Plaintiff's legitimate expectancy from ripening into a valid business relationship, in that Board of Education terminated the Plaintiff without any notice or due process.

54. As a result of the Defendant Kereluik's conduct, the Plaintiff has suffered damages in the form of back pay, front pay, loss of participation in the Teacher's Retirement System, and other economic losses and damages.

Wherefore, the Plaintiff, ELIZABETH CAPARELLI-RUFF, respectfully prays this Honorable Court enter judgment in her favor and against the Defendant, KIMBERLY KERELUIK, for damages in excess of $50,000.00, plus attorneys' fees, costs and for such other relief as the Court deems just.

        ELIZABETH CAPARELLI-RUFF, Plaintiff

        KGG LLC

        By: /s/ Paul J. Richards
            One of the Attorneys for Plaintiff

PAUL J. RICHARDS, ARDC #06230122
Pamela Davis Gorcowski, ARDC #06180497
KGG LLC
111 North Ottawa Street
Joliet, Illinois 60432
(815) 727-4511
prichards@kgllc.com
pgorcowski@kggllc.com