**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELIZABETH CAPARELLI-RUFF, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 22-cv-5567 |
| EAST AURORA SCHOOL DISTRICT | ) | Honorable John Robert Blakey |
| 131, and KIMBERLY KERELUIK | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' BOARD OF EDUCATION OF EAST AURORA SCHOOL DISTRICT
131 AND KIMBERLY KERELUIK'S MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AT LAW**

Defendants, Board of Education of East Aurora School District 131 (the "School District")

and Kimberly Kereluik ("Kereluik") (collectively, the "Defendants"), by their attorney, Paulette

A. Petretti of Himes, Petrarca & Fester, Chtd., hereby submit their Motion to Dismiss the Amended

Complaint at Law ("Cmplt.") filed by Plaintiff, Elizabeth Caparelli-Ruff ("Plaintiff") pursuant to

Fed. R. Civ. P. 12(b)(6). In support thereof, Defendants state as follows.

**I.    Background**

1.    Plaintiff Elizabeth Caparelli-Ruff ("Plaintiff") was previously employed by the School

District as the Executive Director of Middle and Secondary School Services, pursuant to a one-year

term contract from July 1, 2021, through June 30, 2022. Cmplt. ¶5.

2.    In Spring of 2022, Plaintiff began a campaign for the position of Regional Superintendent

of Schools in Will County, Illinois. Cmplt. ¶9. She used a Facebook page to promote her campaign

and promoted a fundraising campaign through the raffle of a handgun. Cmplt. ¶12-15.

1

3.      As alleged in the Complaint, the only "speech" related to the handgun was that it was a raffle prize offered as a means of raising money. Cmplt. ¶14-15.

4.      Plaintiff's contract for employment was not renewed for the 2022-2023 school year. Cmplt. ¶20.

5.      Plaintiff alleges the School District did not offer her a new contract in retaliation for the exercise of her First Amendment rights. Additionally, Plaintiff raised several supplemental state law claims against both Defendants. The causes of action are as follows:

Count I:        Breach of 2021-2022 contract against School District.

Count II:       Breach of 2022-2023 contract against School District.

Count III:      First Amendment Retaliation under Section 1983 against School District.

Count IV:       Intentional Infliction of Emotional Distress against School District.

Count V:        Tortious interference with contract against Kereluik.

Count VI:       Tortious interference with prospective economic advantage against Kereluik.

## II.    Grounds for Dismissal

6.       As argued in the Memorandum of law in support of this Motion, which is being filed contemporaneously, all counts pled by Plaintiff against both Defendants should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

7.      As a threshold matter, Illinois law governs the recovery of attorneys' fees on Plaintiff's supplemental state law claims. Any claim seeking recovery of such fees should be limited by this court. *Witzman v. Gross*, 148 F.3d 988, 990 (8th Cir. 1998); *Alyeska Pipeline Services Co. v. Wilderness Society*, 421 U.S. 240, 260 n.31. Illinois follows the "American Rule." That rule makes each party bear its own attorneys' fees and costs unless statutory authority or a contractual

agreement says otherwise. Requests for attorneys' fees under Counts I, II, IV, V and VI should be dismissed.

8. Plaintiff's First Amendment retaliation claim, set forth in Count III, invoked through the proper statutory provision of 42 U.S.C. §1983, should be dismissed because Plaintiff has not alleged, nor can she allege, that her speech constituted a matter of public concern. Raffling off a handgun to raise money is not a matter of public concern.

9. Count I should be dismissed because Plaintiff has not pled any damages resulting from termination of the 2021 Contract prior to the June 30, 2022 termination date. Damages are an essential element of any breach of contract claim, without which there can be no viable claim of a breach.

10. Plaintiff's claim for breach of the 2022-2023 contract against the School District, set forth in Count II, should be also dismissed because she fails to plead the elements necessary to state a claim, in that she has not attached, nor has she described the specific terms of, an alleged contract of employment for the 2022-2023 school year.

11. Plaintiff's claim for intentional infliction of emotional distress against the School District, set forth in Count IV, should be dismissed because her claims of emotional distress relate to the non-renewal of a job that, by her own admission, she was seeking to vacate to assume an elected position. The non-renewal of an employee who is seeking alternative employment, on its face, simply does not meet the elements to show extreme and outrageous conduct by an employer.

12. With regard to the claims against Kereluik, tortious interference with contract (Count V) and tortious interference with prospective economic advantage (Count VI) are both common law tort claims that should be dismissed because Kereluik's actions are shielded from liability under the Local Government and Governmental Employee Tort Immunity Act, 745 ILCS 10/2-210.

3

Section 2-210 of the Tort Immunity Act provides: "A public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or in the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book form or other form of library material." 745 ILCS 10/2-210.

13. Plaintiff's claims that Kereluik, as a School District employee, provided damaging information about Plaintiff's performance to the Board the Board of Education, are barred by the absolute immunity afforded by Section 10/2-210.

WHEREFORE, for all the reasons set forth in this Motion to Dismiss and in the supporting Memorandum, which is being filed concurrently with this Motion, each of Plaintiff's Counts I-VI should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Respectfully submitted,

By:    s/ Paulette A. Petretti
       On Behalf of Defendants

PAULETTE A. PETRETTI, ARDC #6203646
HIMES, PETRARCA & FESTER, CHTD.
180 N. Stetson, Suite 3100
Chicago, Illinois 60601
(312) 320-8562
ppetretti@edlawyer.com

4